IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**GUADALUPE MARTINEZ, # B74030,**

        Petitioner,

  vs.                                      Case No. 14-cv-341-DRH

**ALLEN MARTIN,**

        Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

    Petitioner Guadalupe Martinez, who is currently incarcerated in Shawnee Correctional Center ("Shawnee"), brings this habeas corpus action pursuant to 28 U.S.C. § 2254 (Doc. 1). He is serving twenty-five years for manufacturing and/or delivering a controlled substance. In the petition, he claims that the trial court erroneously allowed testimony suggesting that he was in custody prior to his criminal trial (Doc. 1, pp. 6-9). The testimony allegedly violated the trial court's ruling on a motion *in limine* and deprived petitioner of his due process rights. Petitioner seeks a new trial (Doc. 1, p. 11).

    This matter is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." After carefully reviewing the

1

petition and exhibits, the Court concludes that petitioner is clearly not entitled to relief, and the petition must be dismissed.

## Background

In January 2010, petitioner was charged with three crimes related to cocaine distribution. *See State of Illinois v. Martinez*, 2012 WL 7018046, *1 (Ill. App. 4 Dist.). His first trial ended in a mistrial, after a witness for the State mentioned petitioner's status as a parolee. *Id.* Following a second jury trial, petitioner was found guilty of one count of unlawful delivery of less than fifteen grams of a substance containing cocaine. *Id.* The trial court sentenced him to twenty-five years of imprisonment on June 2, 2011 (Doc. 1, p. 1).

Petitioner appealed his conviction on June 23, 2011 (Doc. 1, p. 2). In the appeal, petitioner primarily argued that the State failed to prove his guilt beyond a reasonable doubt because its key witness lacked credibility (Doc. 1, p. 2). *See also State of Illinois v. Martinez*, 2012 WL 7018046, *1 (Ill. App. 4 Dist.). Petitioner also argued that the inconsistent verdicts on the three charges resulted, in part, from improper questioning of a State witness, which raised the inference that petitioner was in custody prior to trial. *Id*. at *6. The appellate court affirmed the trial court's judgment on November 27, 2012. *Id*. at *7.

According to the petition, petitioner then filed a motion for rehearing with the appellate court (Doc. 1, p. 3). However, the "paperwork was sent home," and the case was dismissed. Petitioner sought review of the appellate court's decision in the Illinois Supreme Court. The petition for leave to appeal ("PLA") was denied

on September 25, 2013. *People v. Martinez*, 996 N.E.2d 20 (Ill. 2013) (Table) (Doc. 1, p. 3).

## The Habeas Petition

In his habeas petition, petitioner claims that his due process rights were violated at trial when the State's attorney inquired into the number of "visits" one of the State's witnesses made to see petitioner (Doc. 1, pp. 6-7, 11). After the trial court granted a motion *in limine* prohibiting testimony about petitioner's custody status, the State's attorney allegedly asked a witness, "You visited him about 130 times over the last year, isn't that true?" Petitioner maintains that this question raised the inference that he was in prison and amounted to a violation of the trial court's order.

He asserts that the trial judge should have held a separate hearing to determine whether prejudice resulted from the question. Petitioner argues that he also should have been allowed to violate the motion *in limine* by introducing evidence of conversations he had while in custody (Doc. 1, p. 8). According to the petition, this question resulted in a violation of petitioner's due process rights and warrants a new trial (Doc. 1, pp. 7-8).

## Discussion

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a federal court may grant habeas relief only when a petitioner first shows that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). When a state court has ruled on the merits of a habeas

claim, the petitioner must also show that his detention was the result of a state court decision that was (1) "contrary to, or involv[ing] an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). As noted by the United States Supreme Court, the AEDPA's complicated and highly deferential standard is "difficult to meet." *Harrington v. Richter*, --- U.S. ---, 131 S. Ct. 770, 787 (2011).

Even at this early stage, the petition fails to meet the standard and shall be dismissed. The petition challenges the trial court's ruling on a motion *in limine* and the uniform application of that ruling to the parties at trial. The admissibility of evidence falls squarely within the purview of state law. Federal courts do no sit in review of a state court's application of its own state law. *See, e.g., Swarthout v. Cooke*, --- U.S. ---, 131 S. Ct. 859, 861 (2011) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law.") (internal citations and quotation marks omitted). "That means that the erroneous admission under state rules of evidence is no concern . . . unless it is so egregiously prejudicial as to implicate constitutional principles." *Richardson v. Lemke*, --- F.3d ---, 2014 WL 931112, *14 (7th Cir. 2014).

Petitioner's attempt to couch his claim in due process terms fails. As the Seventh Circuit recently reiterated, "[s]tate court evidentiary rulings only implicate the Due Process Clause when evidence 'is so extremely unfair that its admission

4

violates fundamental conceptions of justice[.]'" *Id.* at *14 (citing *Perry v. New Hampshire*, --- U.S. ---, 132 S. Ct. 716, 723 (2012) (quoting *Dowling v. United States*, 493 U.S. 342, 352 (1990)). "This fundamental limitation on the habeas corpus jurisdiction may not be got round by the facile equation of state procedural error to due process denial." *Bell v. Duckworth*, 861 F.2d 169, 170 (citing *Jones v. Thieret*, 846 F.2d 457, 459-61 (7th Cir. 1988)).

The petition does not suggest that the alleged error in allowing the State's attorney to inquire into "visits" with petitioner was of a character or magnitude cognizable under a writ of habeas corpus. The reference to this question is ambiguous and does not establish that there was any error at all--let alone an error that was so highly prejudicial as to warrant a new trial. Petitioner only suggests that some prejudice may have resulted from the question. Regardless, he suggests that both parties *should have been* allowed to offer testimony about events that occurred while he was in custody[1] (Doc. 1, p. 8). When distilled to its essence, the petition challenges the Court's evidentiary ruling, not a constitutional violation. The Court rejects petitioner's attempt to cast this claim as one rooted in federal law. Based on the foregoing discussion, the habeas petition (Doc. 1) shall be dismissed.

## Disposition

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus

---

[1] The petition states, "Had the judge conducted this type of hearing, he may have rescinded the original order of the Motion in Limine and then this defendant could have brought forth all the telephone conversations of Ms. Coon when she came and visited the defendant, which would have shown what was being discussed at the time" (Doc. 1, p. 8).

Pursuant to 28 U.S.C. § 2254 is **DISMISSED** on the merits with prejudice.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* ("IFP") should set forth the issues petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.

Should petitioner desire to appeal this Court's ruling dismissing his petition for a writ of habeas corpus, he must first secure a certificate of appealability, either from this Court or from the court of appeals. *See* FED. R. APP. P. 22(b); 28 U.S.C. § 2253(c)(1). Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."

This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's

assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner need not show that his appeal will succeed, *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003), but petitioner must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Id*. at 338 (citation omitted). If the district court denies the request, a petitioner may request that a circuit judge issue the certificate. FED. R. APP. P. 22(b)(1)-(3).

For the reasons detailed above, the Court has determined that petitioner is not entitled to relief pursuant to 28 U.S.C. § 2254. Furthermore, the Court finds no basis for a determination that its decision is debatable or incorrect. Petitioner has not made "a substantial showing of the denial of a constitutional right."

**IT IS THEREFORE ORDERED** that a certificate of appealability shall **NOT** be issued.

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: April 8, 2014**

David R. Herndon
2014.04.08
12:13:45 -05'00'

**Chief Judge**
**United States District Court**